IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rabbi Dean Alton Holcomb, #154215, | ) | C/A No.: 1:15-3526-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Greenville County, doing business as | ) | REPORT AND RECOMMENDATION |
| Greenville County Detention Center; | ) | |
| Major Marshall Stowers; Administrator | ) | |
| Ronald Hollister; and Securus Phone | ) | |
| Service, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Rabbi Dean Alton Holcomb ("Plaintiff"), proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges a violation of his constitutional rights while incarcerated at Greenville County Detention Center ("GCDC") by the following defendants: Greenville County d/b/a GCDC, Major Marshall Showers, Administrator Ronald Hollister, and Securus Phone Service ("Securus") (collectively "Defendants"). [ECF No. 1 at 1–2].

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.    Factual and Procedural Background

Plaintiff filed this complaint alleging his First Amendment rights are being

violated because GCDC denies him access to email. [ECF NO. 1 at 4]. He also alleges Securus's phone service has "criminally high" prices and denies inmates access to toll free numbers and from calling a landline collect. *Id.* at 4–5. Plaintiff states that GCDC's kiosk has an email feature that has been disabled by the administrator, and he alleges GCDC receives a commission from Securus, giving GCDC a financial motive for denying email to pretrial detainees. *Id.* at 4. Plaintiff asks the court to order GCDC to enable the email feature and order Securus to make its pricing the same as local calls. *Id.* at 6. Plaintiff also seeks costs and requests that GCDC and Securus be ordered to provide a pizza party as an apology "for exploiting the 'helpless' or unfortunate." *Id.*

II.     Discussion

   A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

Plaintiff alleges GCDC's telephone and email restrictions violate his First Amendment rights. [ECF No. 1]. Although inmates have a First Amendment right to communicate with the outside world, they do not have a First Amendment right to access email. *Grayson v. Federal Bureau of Prisons*, C/A No. 5:11CV2, 2012 WL 380426, *3 (N.D. W. Va. Feb. 6, 2012). Further, there is no constitutional right to use a telephone while in prison, *United States v. Alkire*, 82 F.3d 411 (4th Cir. 1996), and prisons do not have obligations under the First Amendment to provide telephone service to inmates at a particular cost. *Holloway v. Magness*, 666 F.3d 1076, 1080 (8th Cir. 2012); *see also Christiansen v. Clarke*, 147 F.3d 655, 657 (8th Cir.), cert. denied,

525 U.S. 1023 (1998) (finding the Constitution does not prohibit charging prisoners for essential prison services, at least in the absence of a showing that the result is a severe deprivation of a fundamental right). In his complaint, Plaintiff admits that he retains alternative means of communicating with people outside of GCDC, including mail and GCDC telephone services. [ECF No. 1 at 3–4]. In fact, Plaintiff states he has placed over 40 phone calls to the Spartanburg Public Defender's officer and the Greenville County Clerk of Court. *Id.* at 3. As Plaintiff has failed to allege facts to support a First Amendment claim, the undersigned recommends Plaintiff's complaint be summarily dismissed.

To the extent Plaintiff argues his inability to email his court-appointed counsel, who allegedly refuses to answer phone calls, is denying him access to the courts [ECF No. 1 at 3], he has failed to show why U.S. mail is insufficient. Additionally, he also fails to allege a specific injury. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) (holding that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" such that his non-frivolous legal claim was frustrated or impeded). Accordingly, the undersigned recommends Plaintiff's complaint be summarily dismissed.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

September 11, 2015                                      Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).